I don't think we yet have your case, Mr. Agarwal. Sloan v. Drummond. Ms. Singleton? Ms. Singleton, are you going to come speak to us? Yes, sir. You want me up here? Up here. In your honors, I'm here to litigate a case that has been pending for quite some time. We've been to the Benefits Review Board three times, I believe, now. Yeah, the tough thing you've got to deal with this morning, Ms. Singleton, is the missing of the deadline, the 60-day deadline, and whether that, filing on the 61st day, means there's no jurisdiction. Your Honor, I don't believe I filed on the 61st day. I filed twice in this case. The first time was because... It was the 61st day after your first motion for reconsideration was denied, right? Do you mean before the 11th Circuit, or do you mean before a previous court? I'm talking about before the Benefits Review Board. Well, Your Honor, I believe they must have weighed that, and I actually did file within time. The problem was I was unable to get in touch with Ms. Sloan, and then I went on and filed. And that's what we were going to argue. Can I ask you a question about the merits of your appeal? Yes, sir. That's what I came prepared, more prepared to argue. Well, the other issue is important, too, but I want to ask you a question about the merits. You're dealing with a standard that generally is review for substantial evidence, right? Yes, sir. And this is a very big record with proceedings happening, as you said, decades going back. And I think now three to four ALJ decisions. It seems that there's a lot of evidence going a lot of ways on the issues that you've raised. But if there's contrary evidence, and I'm summarizing, of course, but if there's contrary evidence on all of these issues that you're litigating about now, why is there a ground to set aside the decision of the Benefits Review Board? Simply put, Your Honor, Mr. Sloan met the criteria for the Byrd amendments. He was an underground miner with more than 15 years of service. He had a diagnosis of pneumoconiosis, and that was affirmed by Judge Odegaard in her decision on my motion for reconsideration. But the effect, the legal effects of that did not go your way, right? You didn't get the presumptions that you were asking for because of other subsidiary findings by the ALJs. Well, there are a couple of things that happened since then, Your Honor, that make this more relevant for you to determine. Because when Judge Odegaard made her decision, we were still operating under the rule that says the preponderance of the evidence. And she included in her evaluation a number of issues that, excuse me, a number of documents that would be excluded now because of the new exclusionary rules that came in. She made her decision in 2012, and the regulations changed in 2013, or excuse me, they were codified in 2013. So the head count got eliminated to a certain extent. For example, the ALJ said that despite the miner's years of service underground, he did not have a total disability, respiratory, or pulmonary impairment. And therefore, he didn't get one of the presumptions that you were asking for. Why is that incorrect under the substantial evidence test? It's incorrect because he had three x-ray readings for complicated pneumoconiosis. And those were not given, in my opinion, the deference that they should have been given. Furthermore, the employer's experts stated that he didn't have pneumoconiosis at all, which is impermissible once an ALJ makes a finding that there is pneumoconiosis. Okay. How about the last question I'll ask you on the merits is this. The ALJ, both ALJs relied in part on the autopsy report and gave that more weight, for example, than the x-rays on the theory that when you conduct an autopsy, you have much more information available to be able to make a diagnosis of what the person's health was and what the cause of death was. Why was that wrong, in your opinion? Well, our autopsy said that he died from pneumoconiosis. Dr. Okoye's autopsy report. I'm not sure it said that. Didn't it say that he died due to cancer and that he had all sorts of other ailments, but that the cause of death was cancer? But it listed pneumoconiosis as a, I believe, as a secondary in that, and furthermore, the minor's last hospitalization, he was given a diagnosis of end-stage COPD, which is legal pneumoconiosis. So he had one that said he died from pneumoconiosis and one that said he had end-stage COPD. So I think that those two factors are significant. The employer's own pathologist noted micro-nodules of pneumoconiosis and stated that he had pneumoconiosis. All right. Thank you. I think there's one, just one more point I wanted to make. One thing I'd like for you to think about, Ms. Singleton, when you sit down, is that there's still a serious jurisdictional issue here about whether this was a timely petition to review the decision of the Benefits Review Board. And I understand that the filing of the first motion after the December 2019 decision tolls the statute, but I don't think the second motion does. And the problem is, this petition was filed 61 days after the decision denying the first motion. And if that's jurisdictional, then we don't have any discretion but to dismiss this petition. Well, I argued it earlier, Your Honor, and I would have thought the case would have been dismissed at that juncture rather than at this one. No, we've got everything before us. That issue was carried with the case. In other words, there's been no determination one way or the other on jurisdiction as of today. Yes, sir. Might I go back and review that and send you something else? Sure. That's something I want you to be aware of when you come back, because we're certainly going to ask your opponent about it. Yeah, let me ask you this to look at this. I mean, my notes show that the Benefits Review Board denied the motion for reconsideration on June 25th and that you filed the petition for review on August 25th. I mean, I think one thing when you come back up on reply is just to confirm or to reject that those were the relevant dates. And it appears to me, at least, that your deadline was August 24th. That's the 60th day. Oh, I believe there's one more issue. Those decisions were mailed to me, sir. So I got extra time. They were both mailed. I was not on the e-file system and was not mandated to be so on at that time. So the seven days of grace, my date of receipt of the decision, and the decisions were sent by certified mail. It's not clear to me that the mail rule has anything to do with the jurisdictional deadline that is set out in the statute. Okay. You might want to think about that while you sit down. Why don't we hear from Mr. Smith? Good morning, Your Honors. Good morning. Judge Jordan, I'll address the issue that you raised on the merits before diving into the jurisdictional issues, if that's okay with you. I will say that you're correct that there is a highly deferential standard to agency determinations, particularly ones like this who have been at every stage and resulted in the denial. You're also correct that the Benefits Review Board, as well as administrative law judges, have a long line of cases affirming the use of autopsy evidence, pathology evidence, and holding that it essentially trumps x-ray readings, CT scans, things like that, because it allows an inspection of the actual lung tissue rather than radiographic reading. Can you tell me why the board sent letters to our court about the second motion for reconsideration and in effect suggested that there could be a timely petition for review after the disposition of that second motion? I would suggest out of ignorance. Pardon me? Out of ignorance? Yes, Your Honor. Of the cases, the Sixth Circuit cases, the Seventh Circuit cases, which hold that a successive motion for reconsideration does not toll the time period to file an appeal. So those letters or that letter was incorrect in that sense. Well, I understand it may have been incorrect. The board would have been sending it, and to what extent the director and the department have any responsibility to apprise the board of those authorities? Right, I understand. I don't know the internal functions. You represent Drummond, right? I represent Drummond Company. I don't know why they sent that letter. I would say that it should not have been sent. Fair enough. I think the main focus of the letter was to say not that your appeal time hasn't run or is not running. The main focus of that letter was in response to my letter saying we're not forwarding the record to the Eleventh Circuit right now because we've got this motion that has been filed. And they could grant the motion. It's helpful to at least know that. Okay, that's helpful. That makes more sense to me. Yeah, yeah. But it does have the erroneous statement that there would then still be time to petition, right? That's correct, Your Honor. Yeah, so could you address that then? I mean, address the timeliness issue. This was filed one day late, right? It was. So opposing counsel says that maybe there's some kind of mail extension or something. Have any thoughts on that? I do. So in her brief, and I believe what she referenced here just a moment ago, she referenced Federal Rule of Appellate Procedure 26, which adds three days to deadlines when following the service of a paper. So that rule states when a party may or must act within a specified time after being served. That's important language. Rule 26 does not apply. It doesn't add three days here because it is a different standard than in 921 in the interpreting regulations. Yes, Supreme Court's told us that a lot of these filing deadlines really are claims processing rules and not jurisdictional deadlines. How does this deadline fit within the framework of the decisions where the Supreme Court has given us some guidance about that? Well, I have not read a Supreme Court decision that squarely addresses this particular issue. There have been. I may not address this particular statute. Are you familiar with the case law, though, that distinguishes between jurisdictional deadlines and claims processing rules and how we're to evaluate that? I'm not, Your Honor. Okay. Well, basically they've said, you know, look, if it's in a court rule, probably a claims processing rule. If it's in a statute and it's written in jurisdictional language, more likely it's jurisdictional. Does that help you? It does. If what I'm telling you is what the Supreme Court has told us to help distinguish one from the other, how does that apply here? This one is clearly jurisdictional in nature because it's set forth by statute. And that statute, 921A, specifically, or C, rather, specifically talks about the deadline running from the issuance of the board's decision. Does it speak in jurisdictional language? And if so, where does that appear? It does not talk specifically about jurisdiction. I thought that there was a title or heading for the statute that refers to jurisdiction. Let me grab it. The title is Review of Compensation Orders. And then, you're right, the title of Subsection C, Court of Appeals, colon, jurisdiction. So, Drummond contends there's two grounds that deprive this court of jurisdiction. The late filing and doesn't the statute itself detect state the Court of Appeals shall have jurisdiction upon such filing, referring to the petition filed within 60 days following the issuance of a board order? I see that language. Josh, you're welcome. So the issue that this court raised in its first jurisdictional question was whether a successive motion for reconsideration, a second motion for reconsideration, tolls the appeal period like the first motion does. There is not a clear answer in the statute or the implementing regulations. However, there are decisions from the Courts of Appeals of the Sixth Circuit and Seventh Circuit that squarely address this issue and hold that any successive motions for reconsideration do not toll the period for appeal. I think their reasoning is quite sound in the sense that they held that a petitioner could essentially delay a board order from becoming final indefinitely by continuing to file motions for reconsideration. And so it avoids an abuse of the process that already is very liberal in favor of the minor in terms of allowing them to file requests for modifications, etc. If we get to the merits, I have another merits question for you. Can you walk me through the presumption dealing with a respiratory pulmonary impairment and how that plays out generally and then why the ALJ thought that that wasn't applicable here given the facts? Sure. So in 2010 with the passage of the Patient Protection and Affordable Care Act, there were changes to the Black Lung Act that reinstated what we call the 15 year presumption, which requires the claimant to prove that the minor had at a minimum 15 years of qualifying coal mine work, qualifying coal mine work being either in an underground mine or at a surface mine with conditions substantially similar to those of an underground mine, plus a totally disabling pulmonary respiratory disease. And so you have to have both for the presumption to be invoked. If the presumption is invoked, there's a presumption that all elements of entitlement, the existence of pneumoconiosis, causation of pneumoconiosis, disability and disability causation are all met. And then if that's invoked, it then turns to the employer to rebut the presumption by showing that pneumoconiosis played no part in the minor's disability. And here the ALJs found that the minor's representative or estate failed on the second part, on the totally disabling respiratory pulmonary disease. That's correct, Your Honor. And it largely turned on the opinions of Dr. Oki and Dr. Caffrey regarding the autopsy evidence. I remember that. Thank you. So going back to the issue, the jurisdictional issue as it relates to the second motion for reconsideration, the initial motion for reconsideration will toll the 60-day appeal period, but that successive motions would not. In Midland Coal Company v. Director at WCP, the Seventh Circuit held essentially the same thing. And if we agree with them, then that means this one was a daylight and we don't have jurisdiction, right? That's correct. And you don't have to reach the merits. I would suggest that the Seventh Circuit's and the Sixth Circuit's opinions in those cases is sound and should be adopted by this circuit. Anything else? I can speak to the substitution issue if you wish. I don't hear a question about it, but you can talk about whatever you want. You can decide whether you're going to keep us here longer or not. Well, I would say, Your Honor, that having looked back at German's brief in the case, I believe it adequately states our position regarding the matter. Unless you have questions, that's all I have. Thank you, Mr. Smith. We'll hear from Ms. Singleton who's saved five minutes. Yes, Your Honors, I submit that this puts the plaintiff in a very awkward position when the agency says that it still has jurisdiction over the case. That comes later, though. I mean, the point is that your petition was filed a day late already, no matter what the board was saying to our court, either correctly or erroneously. So the real question is whether the petition for review was filed within 60 days. And I think it's undisputed it wasn't filed within 60 days after the denial of the first motion for reconsideration. And so the question is, is that jurisdictional? Does the mailing, as you mentioned earlier, have any bearing on this? Does the second motion told the deadline, the Sixth Circuit and the Seventh Circuit have both said it does not? You heard my exchange with Mr. Smith about the jurisdictional language that appears in this statute. Do you have anything to enlighten us about why it's not jurisdictional? Why your client, her petition was either timely or the failure to follow, to file within a timely manner can be excused? Yes, sir. There are two issues. I believe in this case I filed two appeals. In other words, on the second time, are you talking about the first time or the second time? I'm talking about, so there's a December 2019 order, right? You file a motion for reconsideration. I don't think there's any doubt that the first motion for reconsideration tolls the deadline. But the second, but the Benefits Review Board denied your first motion for reconsideration on June 25th. If that starts the clock running on your 60 day deadline, then it expires on August 24th. You filed the petition on August 25th, one day late. I'm thinking that I filed two, but I don't have, with this voluminous record, I'm sorry, I just can't keep track. When do you think the second one may have been filed? Do you think it was after or before the one in August? It was while it was still pending at the Review Board. While your first motion for reconsideration was pending or between the first and the second motion for reconsideration? Between the first and the second. Okay. And then I found again, but I already had a number when it was being considered. Well, this one has, this one has a 2020 case number. So you think the other one was also 2020 or earlier than that? You think you found it? Between the first and the second. Between the first and the second. Okay. We'll look and see. I'm going to try to pull up the PACE or the C2. Because that was a problem that I had considered. But the agency is in charge of interpreting its own regulations. And when the agency said they still had. This deadline is in a statute. The deadline for filing a petition for review is not a matter for the regulation. It appears in a statute that we have to interpret. It has to do with whether our court has been vested with jurisdiction by the filing of your petition under the statute. In other words, the fact that the fact that the board could have granted your second motion for reconsideration doesn't answer the question of whether or not your petition was reviewed. It's a different thing because they're governed by different legal standards. Well, like I said earlier, I will go back and look because I believe I found twice. I remember that. Well, here's the question we'll need to know. Did you file a petition with us any sooner than August 25th? Because if that's the only if that's your first one, my point to you is that's 61 days after the denial of your first motion. Okay. You understand? I believe so, Your Honor. But as I stated before, that puts the plaintiff in a trap between two governing bodies, neither of which I have any control over. Well, I think we understand your case, Ms. Singleton, and we're going to move to the last one. Thank you, Your Honor. Thank you. Thank you for your time. Thank you.